United States District Court
Southern District of Texas
**ENTERED**
April 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDELL PRICE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-20-03670 |
| THE KROGER CO. A/K/A KROGER § | |
| TEXAS, L.P., § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant The Kroger Co.'s Motion for Summary Judgment ("Defendant's Motion") (Docket Entry No. 14). For reasons stated below, Defendant's Motion will be **GRANTED**.

### I. Factual and Procedural Background

The following facts are not disputed. Plaintiff, Fedell Price ("Plaintiff") filed this lawsuit on July 30, 2020, in the 240th Judicial District of Fort Bend County, Texas.[1] On October 26, 2020, Defendant, The Kroger Co. ("Defendant"), removed the action to this court on the basis of diversity jurisdiction.[2]

Plaintiff alleges that on April 9, 2020, he entered the Kroger

---

[1]Plaintiff's Original Petition and Request for Disclosure ("Original Petition"), Exhibit A to Defendant The Kroger Co.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-6, p. 2. For identification purposes, all page numbers refer to the pagination imprinted at the top of the page by the court's electronic case filing ("ECF") system.

[2]Notice of Removal, Docket Entry No. 1, p. 1.

store at 6200 Highway 6, Missouri City, Texas for the purpose of shopping and was injured when he "slipped and fell as a result of a display poster that was laying on the ground."[3] Plaintiff has asserted causes of action against Defendant for premises liability and negligence.[4] Plaintiff seeks actual and exemplary damages.[5]

Cristian Hernandez, an employee of the First Convenience Bank located inside the Kroger store, witnessed the accident and prepared a handwritten witness statement on April 10, 2020, in which he stated that a

> customer in a wheelchair knocked down [a] COVID-19 sign. Then, customer was on the phone looking for toilet paper. He was walking back to checkout [and] slipped and fell on a COVID-19 sign. While [he was] on the floor I walked to him to help him up. Before helping him up, I asked if he was ok[.] He responded "I'm fine" [and] got up and walked away.

Witness Statement of Cristian Hernandez, Exhibit B to Defendant's Motion, Docket Entry No. 14-2, p. 2.

Mr. Hernandez was deposed on January 24, 2022, and the following colloquy took place:

> A: So at the time this happened, I was standing in front of the self-checkout and there was a – a lady in a scooter – the wheelchair that you – you – more like the ones you get at the grocery store for the handicap. And she was – she knocked down the sign that Kroger had up. And it – it was on the ground, and as, like – and when she knocked it down, she didn't bother to pick it back up or anything; she just went on. And as soon as she had knocked it

---

[3]Original Petition, Docket Entry No. 1-6, p. 2 ¶¶ 9-11.

[4]Id. at 3-5 ¶¶ 13-18.

[5]Id. at 5-7 ¶¶ 19-23.

> down, Mister – what is – Mr. Price was walking – I'm not sure exactly where he was going, but he slipped and fell because of the sign.
> When the – when he fell, I – I asked if he was okay. And I – I was – I was kind of concerned because I – I didn't want to touch him, because I didn't want him to – to say that, you know, I picked him up really fast and something happened to him or anything. So before even helping him – I don't think I helped him up. I think he – he helped – he picked himself up. And when he – when I asked him if he was okay, he said he was fine and, like, took off. He – he walked pretty fast out of there.
>
> Q: Mr. Hernandez, you had testified that as soon as the lady in the wheelchair or scooter knocked down the sign, Mr. Price slipped and fell on it. Correct?
>
> A: Right.
>
> Q: Okay. And approximately how long do you think it was after the lady knocked down the sign before Mr. Price slipped and fell on the sign?
>
> A: Oh, I want to say five seconds, maybe ten seconds. It happened like – like as soon as she knocked the sign out – down and it fell on the ground, he came right – he came by and walked right – like, right in front – like, right on – right on the sign. He stepped on it. It was just unfortunate.
>
> Q: Do you remember whether Mr. Price was looking down at the floor before he slipped and fell on the sign? Or do you remember anything about what Mr. Price was doing right before he slipped and fell?
>
> A: I do – I don't think he was looking down.

Deposition of Cristian Hernandez ("Hernandez Deposition"), Exhibit A to Defendant's Motion, Docket Entry No. 14-1, p. 6 line 17:17 – p. 7 line 19:8.

The manager who was working at Kroger on the day of the

accident, Shawana McShan, was also deposed, and the following colloquy took place:

> Q. Can you briefly describe to us what part of your training included handling and upkeep of posters?
>
> A. And upkeep of the posters?
>
> Q. Yes.
>
> A. Just that the posters should remain intact in stands on the wall. They should not be on the floor, considered debris or any hazardous condition.
>
> Q. Anything else?
>
> A. Not concerning posters, no.
>
> Q. Okay. You stated that posters should not be on the floor. Was that your testimony?
>
> A. They shouldn't be laying on the floor, correct.

Oral Deposition of Shawana McShan, Exhibit A to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 16-1, p. 6 lines 3 through 15.

Plaintiff submitted an affidavit in which he stated the following:

> As I proceeded through the flooring area between the cash registers and the grocery racks, I slipped on a poster that was lying on the floor, and fell injuring my knees and other parts of my body. I did not see the poster laying on the floor before I slipped on it. Also, I did not see any poster standing in the flooring area between the checkout counters and the grocery racks when I entered the Kroger store, nor did I see any poster standing in the flooring area between the checkout counters and the grocery racks when I finished my shopping and went to checkout. I must have been in the Kroger store for at least 30 minutes before I fell, and I did not see any standing poster in the flooring area

-4-

>where I fell. In my opinion, the poster I slipped on
>must have been laying on the floor before I entered the
>Kroger store on April 9, 2020.

Affidavit of Fedell Price ("Plaintiff's Affidavit"), Exhibit B to Plaintiff's Response, Docket Entry No. 16-2, p. 2 ¶ 2.

Defendant's Motion (Docket Entry No. 14) was filed on March 14, 2022. Plaintiff filed a response (Docket Entry No. 16) on April 4, 2022. Defendant filed Defendant The Kroger Co.'s Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Defendant's Reply") (Docket Entry No. 17) on April 11, 2022.

## II. Legal Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show there is no genuine issue as to any material fact and therefore the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex, 106 S. Ct. at 2552. A party moving for summary judgment "must 'demonstrate the absence of a genuine

issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting Celotex, 106 S. Ct. at 2553).

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). When summary judgment is sought by a defendant on a plaintiff's claim, the plaintiff must present more than a "mere scintilla" of evidence in support of his position — he must present "evidence on which the jury could reasonably find for [him]." Anderson, 106 S. Ct. at 2512.

"Credibility determinations have no place in summary judgment proceedings" because "non-movants' summary judgment evidence must be taken as true." Richardson v. Oldham, 12 F.3d 1373, 1379 (5th Cir. 1994). "However, '[s]elf-serving allegations are not the type of significant probative evidence required to defeat summary judgment,' and 'a vague or conclusory affidavit [without more] is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence.'" Koerner v. CMR Construction & Roofing, L.L.C., 910 F.3d 221, 227 (5th Cir. 2018) (quoting Kariuki v. Tarango, 709 F.3d 495, 505 (5th Cir. 2013)). See also

Cadena v. El Paso County, 946 F.3d 717, 725 (5th Cir. 2020) ("[A]ffidavits setting forth ultimate and conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment."). "Therefore, '[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of . . . summary judgment.'" Koerner, 910 F.3d at 227-28 (quoting Scott v. Harris, 127 S. Ct. 1769, 1776 (2007)).

### III. Analysis

#### A. Premises Liability v. Negligent Activity

Plaintiff contends that Defendant "had such control over the premises in question that Defendant . . . owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein."[6]

Parties in control of premises "may be liable for two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect." Clayton W. Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523, 527 (Tex. 1997). Negligent-activity and premises liability claims "involve closely related but distinct duty analyses." Western

---

[6]Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-6, p. 4 ¶ 14.

Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).

> In a negligent-activity case, a property owner or occupier must "do what a person of ordinary prudence in the same or similar circumstances would have . . . done," whereas a property owner or occupier in a premises liability case must "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about."

United Scaffolding, Inc. v. Levine, 537 S.W.3d 463, 471 (Tex. 2017) (quoting Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 753 (Tex. 1998) (alteration in Timberwalk)).

"[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." Del Lago Partners, Inc. v. Smith, 307 S.W.3d 762, 776 (Tex. 2010). "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). When a claim does not result from contemporaneous activity, the claimant has no negligent-activity claim, and his claim sounds exclusively in premises-defect. City of Houston v. Gonzales, Cause No. 14-20-00165-CV, 2021 WL 2154155, at *4 (Tex. App.–Houston [14th Dist.] May 27, 2021, no pet.) (citing State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006)).

**B.  Plaintiff's Premises Liability Claim**

"The duty owed by an owner or occupier of premises to an invitee is not that of an insurer." CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 101 (Tex. 2000) (citing Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998)).  "The duty owed is to exercise reasonable care to protect against danger from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover." CMH Homes, Inc., 15 S.W.3d at 101 (citing Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983)); accord Henkel v. Norman, 441 S.W.3d 249, 251 (Tex. 2014).

> To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements:  (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

Henkel, 441 S.W.3d at 251-52 (citing CMH Homes, Inc., 15 S.W.3d at 99).

The first element, actual or constructive knowledge of some condition on the premises by the owner or operator, is often the dispositive issue.  An owner or occupier has sufficient knowledge of a condition to be liable for the injuries caused by the condition if the plaintiff proves that the defendant "(1) put the foreign substance on the floor; or (2) knew that it was on the

floor and negligently failed to remove it; or (3) that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care." Keetch, 845 S.W.2d at 265 (quoting Robledo v. Kroger Co., 597 S.W.2d 560, 560 (Tex. App.-Eastland 1980, write ref'd n.r.e.).

For a premises owner or operator to have actual knowledge of a condition, the owner or operator must know the hazard existed but negligently failed to cure it. Keetch, 845 S.W.2d at 265. "To prove the actual-knowledge element of a viable premises-defect claim, the [plaintiff] must show that at the time of the incident, the [owner/operator of the premises] knew about the dangerous condition." City of Denton v. Paper, 376 S.W.3d 762, 767 (Tex. 2012) (citing City of Corsicana v. Stewart, 249 S.W.3d 412, 413-15 (Tex. 2008)). But "the actual knowledge required for liability is of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition can develop over time." Reyes v. City of Laredo, 335 S.W.3d 605, 608 (Tex. 2010).

"Constructive knowledge is a substitute in the law for actual knowledge." CMH Homes, Inc., 15 S.W.3d at 102. "In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." Id. at 102-03.

The Texas Supreme Court has stated that the rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is

deeply rooted in Texas jurisprudence. Brookshire Grocery Co. v. Taylor, 222 S.W.3d 406, 409 (Tex. 2007); Wal-Mart Stores, Inc., 81 S.W.3d at 815-816. The rule emerged from the Texas Supreme Court's "reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for 'the fortuitous act of a single customer' that could instantly create a dangerous condition." Id.

Plaintiff alleges that "Defendant's agents, servants, and employees negligently permitted the display poster to be laying on the floor, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor."[7] Plaintiff cannot show that Defendant had actual knowledge of the hazard by showing that Defendant placed the poster in an area where it could possibly be knocked over. To show actual knowledge, Plaintiff would have to show that Defendant was aware that the poster was creating a dangerous condition at the time of the accident. See Reyes, 335 S.W.3d at 608. Because Plaintiff provides no evidence that Defendant or Defendant's agents knocked the sign over or placed it lying on the floor where it would be a hazard, there is nothing to support a claim of actual knowledge. See Keetch, 845 S.W.2d at 265. Plaintiff's claim therefore depends on whether the poster was lying on the ground long enough for Defendant to be charged with constructive knowledge

---

[7] Id. ¶ 15.

of the hazard. See id.

Plaintiff alleges that "the condition of the floor had continued for such period that, had Defendant . . . or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons."[8] Plaintiff's only evidence for this claim is his own affidavit, in which he states that he did not see the poster standing up during the time he was shopping at the store, and therefore, "in [his] opinion, the poster [he] slipped on must have been laying on the floor before [he] entered the Kroger store on April 9, 2020."[9] These "'[s]elf-serving allegations are not the type of significant probative evidence required to defeat summary judgment[.]'" Koerner, 910 F.3d at 227 (quoting Kariuki, 709 F.3d at 505. "'[A] vague or conclusory affidavit [without more] is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence.'" Id. Plaintiff does not state that he saw the poster lying on the floor for an extended period of time. Instead, he merely assumes that it must have been lying there because he did not notice it until he tripped over it. This assumption is contradicted by the testimony of Cristian Hernandez, who saw a woman in a scooter or wheelchair knock the sign over just

---

[8]Id. ¶ 16.

[9]Plaintiff's Affidavit, Exhibit B to Plaintiff's Response, Docket Entry No. 16-2, p. 2.

five to ten seconds before Plaintiff tripped on it.[10] The probative evidence establishes that "'the fortuitous act of a single customer' . . . instantly create[d] a dangerous condition[,]" and therefore Defendant is not liable. See Brookshire Grocery Co., 222 S.W.3d at 409.

It is not Defendant's burden to show that the poster was properly mounted and secured before someone knocked it down and Plaintiff tripped over it. Little, 37 F.3d at 1075. Defendant only needs to show that Plaintiff has not met *his* burden of showing that Defendant had actual or constructive knowledge of the hazard that was created when the poster got knocked down. Id. Defendant has done this. No reasonable juror could conclude based on the evidence in the record that Defendant laid the poster on the floor where it would be a hazard or that Defendant carelessly allowed the poster to remain there.[11] Accordingly, Plaintiff's premises

---

[10] Hernandez Deposition, Exhibit A to Defendant's Motion, Docket Entry No. 14-1, p. 7 lines 18:14 through 18:23.

[11] Corbin, 648 S.W.2d at 296, is instructive here. In Corbin, an invitee sued a department under a premises-liability theory because he slipped on a grape and fell. Id. The invitee argued that "the presence on the floor of the specific grape on which he slipped posed an unreasonable risk of harm and that Safeway had constructive knowledge of that risk." Id. The invitee testified that the store had constructive knowledge of the risk because "grapes lying around him were discolored and ruptured[,]" suggesting that "the grapes had been on the floor a sufficient time to impute knowledge of their location to Safeway." Id. The Texas Supreme Court held that this was not sufficient evidence to raise a jury issue as to the store's constructive knowledge of the grape, in part because "[t]he aging and discoloration may just as likely
(continued...)

liability claim fails as a matter of law, and Defendant's Motion as to that claim will be granted.

C.  **Plaintiff's Negligence Claim**

The elements of a cause of action for negligence are (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's injury. <u>Nabors Drilling, U.S.A. v. Escoto,</u> 288 S.W.3d 401, 404 (Tex. 2009).

The basis for Plaintiff's negligence claim appears to be that Defendant "negligently permitted the display poster to be laying on the floor, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor."[12] This is the same alleged conduct on which Plaintiff's premises-liability claim is based.

"Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself *rather than by a condition created by the*

---

(...continued)
have occurred before as after the grapes fell, and the rupturing could have been caused during or soon before Corbin's accident." <u>Id.</u> Here, the fact that Plaintiff did not notice the sign until he tripped over it is not sufficient to raise a jury issue as to the store's constructive knowledge of the sign.

[12]Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-6, p. 4 ¶ 15; <u>see also id.</u> ¶ 16 ("[T]he condition of the floor had continued for such period that, had Defendant . . . or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.").

*activity.*" Keetch, 845 S.W.2d at 264 (emphasis added). A claim that does not result from contemporaneous activity is not a negligent-activity claim, but instead is a premises-defect claim. Gonzales, 2021 WL 2154155, at *4. Yet in the section of his response specifically addressing his negligence claim, Plaintiff argues that "Plaintiff was an invitee of [Defendant's] store, *a condition on [Defendant's] premises created an unreasonable risk of harm*, [Defendant] knew or should have known of the danger, [Defendant] breached its duty of ordinary care by failing to warn [Plaintiff], and [Defendant's] breach proximately caused [Plaintiff's] injury."[13] These are the elements of a premises liability claim, not a negligence claim.

Plaintiff does not present any evidence that Defendant breached a duty it owed Defendant, that the alleged breach proximately caused Plaintiff's injuries, or that Plaintiff was injured by or as a contemporaneous result of Defendant's negligent activities. There is no genuine dispute as to any material fact with respect to Plaintiff's negligence claim against Defendant. Accordingly, Defendant is entitled to summary judgment on Plaintiff's negligence claim.

D. **Exemplary Damages**

---

[13]Plaintiff's Response, Docket Entry No. 16, p. 6 ¶ 4.

-15-

Plaintiff has asserted a claim against Defendant for exemplary damages, asserting that Defendant's conduct "involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others[,]" and that Defendant "had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others."[14]  This is a claim of gross negligence, which, along with fraud and malice, is one of the three ways a claimant may seek recovery for exemplary damages under Chapter 41 of the Texas Civil Practice & Remedies Code ("CPRC").[15]  For reasons stated above, Plaintiff's ordinary negligence claim fails as a matter of law.  Plaintiff has produced no evidence that Defendant was subjectively aware that the sign was lying on the floor where it could be a tripping hazard, much less that Defendant manifested "conscious indifference to the rights, safety, or welfare" of Plaintiff or any other invitees.  Plaintiff does not argue that Defendant acted fraudulently or maliciously, and Plaintiff presents no evidence to support such claims.  Therefore, Plaintiff's claim

---

[14]Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-6, p. 5 ¶ 19.

[15]See CPRC § 41.001(11) (defining "gross negligence"); § 41.003(a) (providing that "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from (1) fraud; (2) malice; or (3) gross negligence.").

for exemplary damages fails as a matter of law.

## IV. Conclusion and Order

Because Plaintiff has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof, Celotex, 106 S. Ct. at 2552, Defendant The Kroger Co.'s Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 18th day of April, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE